Carney R. Shegerian, State Bar No. 150461
CShegerian@Shegerianlaw.com
Anthony Nguyen, State Bar No. 259154
ANguyen@Shegerianlaw.com
Cheryl A. Kenner, State Bar No. 305758
CKenner@Shegerianlaw.com
**SHEGERIAN & ASSOCIATES, INC.**
145 South Spring Street, Suite 400
Los Angeles, California 90012
Telephone Number: (310) 860-0770
Facsimile Number: (310) 860-0771

Attorneys for Plaintiffs SONJA JOPLIN,
ROBERT CALVERT, and CHILE
AGUINIGA, individually, and on behalf of
all others similarly situated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONJA JOPLIN, ROBERT CALVERT, and CHILE AGUINIGA, on behalf of themselves and all others similarly situated,<br><br>               Plaintiffs,<br><br>vs.<br><br>UNIVERSITY OF SOUTHERN CALIFORNIA, a California nonprofit corporation; and DOES 1 through 10 inclusive,<br><br>               Defendant. | Case No.: 2:20-cv-9338<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>**(1) BREACH OF CONTRACT;**<br><br>**(2) UNJUST ENRICHMENT;**<br><br>**(3) CONVERSION; and**<br><br>**(4) VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW ("UCL"), BUSINESS AND PROFESSIONS CODE §§ 17200, *et seq.***<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

# TABLE OF CONTENTS

**Page**

I. NATURE OF THE ACTION ........................................................... 1

II. PARTIES ...................................................................................... 2

III. JURISDICTION AND VENUE .................................................... 3

IV. FACTUAL ALLEGATIONS ........................................................ 4

A. University of Southern California ............................................... 4

B. Coronavirus Disease 2019 (COVID-19) ..................................... 5

C. Defendants Continue to Charge Full Tuition and Fees Despite the Pandemic........................................................................................ 5

V. CLASS ACTION ALLEGATIONS ............................................... 8

Class Definition ............................................................................ 8

Numerosity and Ascertainability ................................................. 8

Adequacy ....................................................................................... 9

Typicality ....................................................................................... 9

Superiority ..................................................................................... 9

Commonality and Predominance................................................ 10

VI. FIRST CAUSE OF ACTION ...................................................... 12

Breach of Contract (Brought by Plaintiffs on Behalf of Themselves and the Class Against All Defendants)................... 12

VII. SECOND CAUSE OF ACTION ................................................. 14

Unjust Enrichment (Brought by Plaintiffs on Behalf of Themselves and the Class Against All Defendants)................... 14

VIII. THIRD CAUSE OF ACTION ..................................................... 15

Conversion (Brought by Plaintiffs on Behalf of Themselves and the Class Against All Defendants) ........................................... 15

IX. FOURTH CAUSE OF ACTION ................................................. 16

Violation of California's Unfair Competition Law ("UCL"), California Business and Professions Code §§ 17200, *et seq.* (Brought by Plaintiffs on Behalf of Themselves and the Class Against All Defendants) ............................................... 16

X. PRAYER FOR RELIEF ............................................................... 18

DEMAND FOR JURY TRIAL ........................................................................ 20

**CLASS ACTION COMPLAINT**

Plaintiffs SONJA JOPLIN, ROBERT CALVERT, and CHILE AGUINIGA, on behalf of themselves and all others similarly situated, by and through their attorneys, Shegerian & Associates, Inc., hereby file this Class Action Complaint against Defendant UNIVERSITY OF SOUTHERN CALIFORNIA, a California nonprofit corporation ("USC"); and DOES 1 through 10 inclusive, (collectively, "Defendants"), and states as follows:

## I.     NATURE OF THE ACTION

1.    This is a class action for breach of contract, unjust enrichment, conversion, and violation of the California's Unfair Competition Law ("UCL") Brought by Plaintiffs on Behalf of Themselves and all others similarly situated, that is, all students enrolled at Defendants' educational institution.   Defendants have shut down all of its campus facilities, discontinued all live in-classroom instruction of all courses at any of Defendants' campuses and schools, and instead moved all instruction to virtual online pre-recorded and/or live streaming video instruction.   While these actions are attributable to the COVID-19 pandemic and the shelter-in-place order in effect in the State of California, Defendants have continued holding Plaintiffs and all students liable for the full pre-shutdown tuition and fee obligations, despite the fact that Defendants are unable to provide, and are not providing, the services and facilities that the students bargained for and are being billed for as part of their tuition and fees—fees and tuition costs that easily amount to thousands of dollars per student but less than $75,000 each at this time.

2.    While Defendants may not bear culpability for the campus closures or the inability to provide any classroom instruction, neither do the enrolled students.   Yet, while Defendants have used the current COVID-19 shutdown circumstances to excuse its duty to perform fully the obligations of its bargain with its students, Defendants continues to demand that all students fully perform their contractual bargain to pay in full all tuition and fees without any reduction for Defendants' lack of full performance.   This is contrary to ordinary tenets of contract law.   This indefensible breach is saddling wholly innocent students with mounting debt as a result of having to pay tuition and fees for services they

**CLASS ACTION COMPLAINT**

are not receiving and facilities that are not being provided.  In so acting, Defendants are unjustly enriching themselves at the expense of Plaintiffs and Class members he seeks to represent.

3.   California law recognizes the proposition that the relationship between a matriculated student and Defendants are contractual:  "By the act of matriculation, together with payment of required fees, a contract between the student and the institution is created."  *Kashmiri v. Regents of University of California* (2007) 156 Cal.App.4th 809, 824.  In addition to any express enrollment contract that may exist between the students and Defendants, the law recognizes an implied-in-fact contract brought about by the conduct of the parties during the students' enrollment.  *Id.*

4.   Defendants have breached their contractual duties by ceasing all in-classroom instruction at all campuses and shutting down campus facilities while continuing to asses and collect full tuition and fee payment from Plaintiffs and Class members as if full performance had been rendered to them.  Undoubtedly, however, the performance now being provided by Defendants and Defendants' campus facilities is different from and of lesser value than what was bargained for at the time of Plaintiffs' and class members' enrollment.

5.   Plaintiffs therefore bring this action on behalf of themselves and all other similarly situated students of Defendants to seek redress for Defendants' breach of contract, unjust enrichment, acts amounting to the action of money had and received, and violations of the UCL.

## II.   PARTIES

6.   Plaintiff Sonja Joplin ("Joplin") is a current graduate student at USC's Keck School of Medicine and is pursuing her Medical Degree.  Joplin completed her second year in May 2020.

7.   Plaintiff Robert Calvert ("Calvert") is a current undergraduate student at USC and is pursuing his bachelor's degree in Economics.   Calvert completed his junior year in May 2020.

**CLASS ACTION COMPLAINT**

8.   Plaintiff Chile Mark Aguiniga Gomez ("Aguiniga") is a current undergraduate student at USC and is pursuing his bachelor's degree in Law, History, and Culture. Aguiniga completed his junior year in May 2020.  Aguiniga also lived on campus and was a resident in student housing for the spring 2020 semester until USC prevented Aguiniga from living in student housing.

9.   Defendant the University of Southern California ("USC") is a private university incorporated in the state of California.  Defendant is doing business in the State of California, operating in the State of California, and is availing itself of the privileges and obligations associated therewith.

### III.   JURISDICTION AND VENUE

10.   This Court has jurisdiction over the subject matter presented by this Complaint because it is a class action arising under the Class Action Fairness Act of 2005 ("CAFA"), which confers original jurisdiction on federal courts over a class action with at least 100 putative class members, minimal diversity in which any member of the putative class is a citizen of a state different from any defendant, and in which the amount in controversy exceeds in the aggregate sum of $5,000,000.00, exclusive of interest and costs.

11.   Plaintiffs allege that there are at least 100 putative class members with student enrollment in the tens of thousands.

12.   Plaintiffs allege that the amount in controversy exceeds $5,000,000.00, pursuant 28 U.S.C. § 1332(d)(2) and (6).

13.    Plaintiffs allege that minimal diversity exists with members of the proposed class residents of states other than California and further that more than two-thirds of the proposed class are not residents of California.

14.   Venue within this District is proper because Defendant USC is located at 3551 Trousdale Parkway, ADM 352, Los Angeles, California 90089 within this district, is operating a university at its Los Angeles campuses, and the acts complained of occurred within this District.

## IV.   FACTUAL ALLEGATIONS

### A.   University of Southern California

15.   Defendant USC is a private university with an enrollment of approximately 48,500 students, with approximately 20,500 undergraduate students and 28,000 graduate and professional students.[1]

16.   The rates of tuition paid by undergraduate students and graduate school students during the 2019-2020 academic year was set at a rate of $28,628.00 each semester.[2]  Other specialized degree programs offered by USC set differing rates of tuition for its students, including $33,253.00 each semester for USC's law school tuition, $32,575.00 each semester for USC's dentistry school tuition, and $32,269.00 each semester for USC's medical school tuition.[3]

17.   Additionally, Defendants assessed a variety of fees to its students for the 2019-2020 academic.  The estimated fees charged to undergraduate students at USC for the 2019-2020 academic year was approximately $939.00 per student, with comparable fees assessed to graduate students that varied by degree program.[4][5]  These fees are assessed to students for services rendered, including student center fees and other resources available to students on campus.[6]

18.   Plaintiffs and Class members paid all that they owe for tuition and fees.

19.   Plaintiffs brings this action on behalf of themselves and similarly situated students who enrolled in USC, during the Spring 2020 academic terms and/or Summer 2020 or Fall 2020 academic terms.

---

[1] https://about.usc.edu/facts/

[2] https://catalogue.usc.edu/content.php?catoid=11&navoid=3681#tuition_(semester),_(estimated)

[3] https://catalogue.usc.edu/content.php?catoid=11&navoid=3681#tuition_(semester),_(estimated)

[4] https://financialaid.usc.edu/undergraduates/continuing/how-much-will-my-education-cost.html#/2

[5] https://catalogue.usc.edu/content.php?catoid=11&navoid=3681#special_fees_(estimated)

[6] *Id.*

**CLASS ACTION COMPLAINT**

### B.     Coronavirus Disease 2019 (COVID-19)

20.   In December 2019, the Chinese government identified a novel coronavirus found in the Wuhan province called sever acute respiratory syndrome coronavirus 2 (SARS-CoV-2).  This strain of coronavirus caused Coronavirus disease 2019 ("COVID-19"), an easily spread and unusually lethal disease in certain population groups.[7]

21.   This disease quickly and explosively spread due to its ability to survive in small respiratory droplets and the World Health Organization characterized COVID-19 as a "public health emergency of international concern" in late January and as a pandemic on March 11, 2020.[8]

22.   On March 4, 2020, California Governor Gavin Newsom entered an executive order declaring a state of emergency to exist in California relating to COVID-19.

23.   On March 19, 2020, California Governor Newsom entered an Executive Order requiring all individuals living in California to stay home or at their place of residence except as needed to maintain continuity of operations of critical infrastructure sectors (in which case, physical distancing must be practiced).[9]

24.   The spread of the 2019 coronavirus (COVID-19) has radically changed life in this country with profound impacts on nearly every segment of American life.  In response to the pandemic, colleges and universities have taken aggressive measures, which include eliminating in-person classroom instruction and replacing it with online instruction, which is in the form of a combination of pre-recorded or live-streamed video instruction.

### C.     Defendants Continue to Charge Full Tuition and Fees
### Despite the Pandemic.

25.   On March 19, 2020, California Governor Newsom entered an Executive Order requiring all individuals living in California to stay home or at their place of residence

---

[7] https://www.ncbi.nlm.nih.gov/pmc/articles/PMC7128332/.

[8] https://www.who.int/dg/speeches/detail/who-director-general-s-opening-remarks-at-the-media-briefing-on-covid-19---11-march-2020.

[9] https://covid19.ca.gov/img/Executive-Order-N-33-20.pdf

**CLASS ACTION COMPLAINT**

except as needed to maintain continuity of operations of critical infrastructure sectors (in which case, physical distancing must be practiced).[10]

26.   The spread of the 2019 coronavirus (COVID-19) has radically changed life in this country with profound impacts on nearly every segment of American life.  In response to the pandemic, colleges and universities have taken aggressive measures, which include eliminating in-person classroom instruction and replacing it with online instruction, which is in the form of a combination of pre-recorded or live-streamed video instruction.

27.   In particular, Defendants instituted mandatory "virtual" classes and ceased to provide on-campus resources to students—including access to laboratories, libraries, dining halls, fitness centers, and various student learning services.

28.   On or about March 10, 2020, Defendants announced that classes would "continue online" and encouraged students not to return to campus.  Defendants further noted that all university-sponsored events, on and off campus, would be canceled or postponed until a later date and that intercollegiate athletic events would continue without spectators.

29.   On or about March 11, 2020, Defendants formally extended the period of remote instruction until April 14, 2020 and further noted that "students who are leaving campus for Spring Recess, may not return until at least April 13[, 2020]."[11]

30.   On or about March 16, 2020, Defendants announced that Defendants made the decision "to finish the academic semester online or remotely." Defendants further announced that it would be "closing non-essential clinics and postponing other clinical services" and that "most buildings, including the libraries, the bookstore and recreational facilities will not be publicly accessible until further notice." Defendants noted that "the majority of students living in university housing left for Spring Recess."  Defendants noted that "if you left university housing, do not return to retrieve your belongings." [12]

---

[10] https://covid19.ca.gov/img/Executive-Order-N-33-20.pdf

[11] https://coronavirus.usc.edu/category/provost/page/2/

[12] http://www.uscannenbergmedia.com/2020/03/16/usc-to-finish-rest-of-semester-remotely/

31.   On or about March 17, 2020, Defendants set forth "expanded research guidelines" which "entail pausing all but essential laboratory and core laboratory research" by March 20, 2020."

32.   Defendants ended all in-person classroom instruction and drastically changed the educational opportunities available to students, severely crippling Plaintiffs and Class Members from receiving the education they paid for.

33.   Defendants attract students to its programs by emphasizing its "student organizations and events that make campus life rewarding,"[13] "beauty at every turn" where "any given day its world-class performance spaces might be hosting celebrity speakers, theater or film festivals, and the campus often bustles with local or cultural events.[14]"

34.   By and large, the commitments promised to students are left unfulfilled with Defendants barring students from campuses and imposing mandatory virtual classes.  In short, the plethora of resources bargained and paid for by students have been denied.

35.   As a result of the transition to virtual learning online, the quality of education Plaintiffs and class members have received has suffered.

36.   Despite closing its campuses and failing to offer in-person classes, Defendants continue to charge full tuition and fees.  While students enrolled and paid for a comprehensive educational experience at Defendants' campuses, Defendants have, instead, provided a limited online experience, lacking invaluable in-person learning opportunities.

37.   Despite Defendants receiving approximately $19,278,560.00 in federal assistance under the CARES ACT and having an endowment valued at approximately $5.5 billion,[15] Defendants have refused to reimburse Plaintiffs and similarly situated students for failing to provide the services and educational opportunities paid for by the students.

[13] https://admission.usc.edu/live/residential-life/

[14] https://visit.usc.edu/

[15] https://www.thecollegefix.com/usc-says-yes-to-nearly-20-million-in-covid-relief/

**CLASS ACTION COMPLAINT**

Defendants are thus profiting from the pandemic while further burdening students and families, many of whom have been financially and/or physically impacted by COVID-19.

38.   Consequently, Plaintiffs and class members have suffered harm by losing the education, services, and other experiences Defendants promised to their students. Plaintiffs and similarly situated students seek disgorgement of their payments for unused services and refund of the tuition for the inadequate, subpar educational instruction provided in lieu of the quality education for which they bargained.

## V.   CLASS ACTION ALLEGATIONS

### Class Definition

39.   Plaintiff brings this action pursuant to 28 U.S.C. § 1332(d) on behalf of a proposed class of persons (the "Class"), defined as:

> All students enrolled at a USC campus who paid tuition and mandatory campus and student services fees for the Spring Term of 2020 for classes scheduled for in-person instruction who were denied that instruction for any part of the Spring Term of 2020.

40.   Excluded from the Class are Defendants, any of its past or present officers, directors, agents, and affiliates, any judge who presides over this action, and all counsel of record.

41.   Plaintiff reserves the right to expand, limit, modify, or amend the definitions of the class as may be desirable or appropriate during the course of this litigation.

42.   Class certification is proper because the question raised by this Complaint is one of a common or general interest affecting numerous persons so that it is impracticable to bring them all before the Court.

### Numerosity and Ascertainability

43.   The class is sufficiently numerous, as Defendants boast an enrollment of approximately 48,500 undergraduate and graduate students.  Class members may be identified through objective means, such as Defendants' records, and notified of this action by recognized methods of notice, such as mail or e-mail, or publication in print or on the

Internet.  Furthermore, Defendants maintain rosters of all of its attending students and their financial obligations and payments.

### Adequacy

44.   Plaintiffs and their counsel are adequate representatives of the interests of the putative class.  Plaintiffs are students at USC who are being or were charged tuition or fees as part of their enrollment.  Plaintiffs contend that USC has breached its agreement with students by continuing to charge and demand full tuition and fees, even though USC is not providing any in-person classroom instruction at any of its campuses and not making campus facilities available for students.

45.   Plaintiffs have retained counsel experienced in class action litigation to litigate and represent the interests of the proposed Class.

### Typicality

46.   Plaintiffs' claims are typical of the claims being raised on behalf of the absent class members.  Like all absent Class members, Plaintiffs seek redress for Defendants' failure to provide any in-person campus instruction or campus facility, while continuing to charge full tuition and fees.  The claims Plaintiffs assert are the same as and co-extensive with the claims raised on behalf of Class members.

### Superiority

47.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Here, classwide litigation is superior to individually litigating and adjudicating this dispute, because the cost of litigating an individual claim for partial refund of tuition or fees makes such individual litigation unfeasible, given the costs of bringing such an action relative to the amount of damages recoverable in an individual action.

48.   A class action is also superior to other available methods for the fair and efficient adjudication of this controversy because it eliminates the prospect of inconsistent rulings that would unsettle the legal obligations or expectations of Defendants, Plaintiffs, and Class members.

**CLASS ACTION COMPLAINT**

49.   Because the damages suffered by each individual class member may be relatively small, the expense and burden of individual litigation would make it very difficult or impossible for individual class members to redress the wrongs done to each of them individually, so that the prosecution of specific actions and the burden imposed on the judicial system by individual litigation by the Class would be significant, making class adjudication the superior option.

50.   The conduct of this action as a class action presents far fewer management difficulties, far better conserves judicial resources and the parties' resources, and far more effectively protects the rights of each class member than would piecemeal litigation. Compared to the expense, burdens, inconsistencies, economic infeasibility, and inefficiencies of individualized litigation, any challenge of managing this action as a class action is substantially outweighed by the benefits to the legitimate interests of the parties, the Court, and the public of class treatment, making class adjudication superior to other alternatives.

### Commonality and Predominance

51.   Plaintiffs' Complaint raises questions of fact or law common to the class that predominate over questions affecting only individual class members.   Among these predominating common questions are:

a.   Whether the relationship between Defendants and Plaintiff and members of the proposed Class is contractual;

b.   What tuition and mandatory fees Plaintiffs and Class members paid to Defendants;

c.   What tuition and mandatory fee refunds, if any, Defendants issued to Plaintiffs and Class members;

d.   Whether Defendants breached their agreements with Plaintiffs and Class members when Defendants failed to deliver to Plaintiffs and Class members in-person instruction and the services for which they paid tuition and mandatory fees and subsequently refused to refund;

**CLASS ACTION COMPLAINT**

e.   Whether the refunds, if any, Defendants issued to Plaintiffs and Class members were adequate to account for the cessation in in-person classroom instruction and services and the closure of campus facilities;

f.   Whether Defendants ceased providing in-person classroom instruction to Plaintiffs and Class members;

g.   Whether Defendants deprived Plaintiffs and Class members of the use and enjoyment of campus services and facilities;

h.   Whether the value of online instruction is not equivalent to the value of the in-person classroom instruction that Plaintiffs and Class members bargained for and for which they were and are continuing to be charged;

i.   Whether the value of campus facilities that Plaintiffs and Class members were charged has been lessened as a result of Defendants' closing campus facilities;

j.   Whether Defendants' action in continuing to charge and demand full tuition and fees has harmed Plaintiffs and Class members;

k.   Whether a method of computing classwide damages or restitution exists;

l.   Whether Defendants was unjustly enriched by retaining tuition and mandatory fee payments when Plaintiffs and Class members did not receive the services for which they paid tuition and mandatory fees;

m.   Whether Plaintiffs and Class members are entitled to declaratory or injunctive relief against Defendants;

n.   Whether Defendants have unjustly enriched themselves at the expense of Plaintiffs and Class members; and

o.   Whether Defendants engaged in unfair business practices in violation of California law in refusing to refund any portion of the tuition and fees paid for services not offered to Plaintiffs.

52.   In the event that the Court were to find the proposed class definition inadequate in any way, Plaintiffs respectfully pray for certification of any other alternative, narrower class definition or for the certification of subclasses, as appropriate.

**CLASS ACTION COMPLAINT**

## VI.   FIRST CAUSE OF ACTION

### Breach of Contract

### (Brought by Plaintiffs on Behalf of Themselves and the Class Against All Defendants)

53.   Plaintiffs re-allege and incorporate by reference all previous allegations as though set forth in full herein.

54.   By the act of matriculation, together with payment of required fees, a contract between Plaintiffs and Class members, on the one hand, and Defendants, on the other hand, was created.  Thus, in addition to any enrollment contract that may exist between Defendants and the Plaintiffs and Class members, an implied-in-fact contract independently exists between the parties as a matter of California law.

55.   By ceasing all in-person classroom instruction, relegating Plaintiffs and Class members to online instruction only and shutting off campus facilities to Plaintiffs and Class members, Defendants have failed to provide the services that Plaintiffs bargained for in entering into their contractual relationships with Defendants.

56.   Although Defendants may not bear culpability for the campus closures or the inability to provide any classroom instruction, neither do the enrolled students.  Yet, while Defendants have used the current COVID-19 shutdown circumstances to excuse its obligation to fully perform the obligations of their bargain with their students, Defendants continue to demand that all students fully perform their contractual obligations to pay in full all tuition and fees, without any reduction for Defendants' failure to fully perform their contractual obligations.  This is contrary to the tenets of contract law.

57.   The nature of the instruction provided by Defendants at the time Plaintiffs and Class members enrolled (*i.e.,* in-person classroom instruction), as well as the campus facilities Defendants offer across its schools and campuses, were and are material terms of the bargain and contractual relationship between students and Defendants.

58.   Defendants' failure to provide any in-person classroom instruction and its shutdown of campus facilities amount to a material breach of the contract.

59.   As a result of Defendants' material breach—regardless of whether Defendants' performance may be excused—Plaintiffs and Class members are not to be held liable for continuing to perform their contractual obligations.  That is, regardless of whether Defendants' failure to offer in-person classroom instruction or to provide campus facilities is to be excused as a result of the COVID-19 pandemic, Defendants cannot continue to demand full payment of tuition and fees from Plaintiffs and Class members for services and facilities that Defendants are indisputably failing to provide.

60.   Defendants' breach and continued demand for full payment from Plaintiffs and the Class members are the proximate causes of Plaintiffs' and Class members' injury.

61.   Plaintiffs and Class members have all been harmed as a direct, foreseeable, and proximate result of Defendants' actions because Plaintiffs and Class members are being charged full tuition and fees for services that Defendants are not providing.

62.   Plaintiffs and Class members are entitled to an award of money damages or partial restitution in an amount to be determined at trial as redress for Defendants' breach. Plaintiffs pray for the establishment of a Court-ordered and Court-supervised common fund from which the claims of affected Class members may be paid and the attorneys' fees and costs of suit expended by class counsel, as approved by the Court, may be awarded and reimbursed.

63.   Defendants continue to insist that full tuition and fees are due from Plaintiffs and the students, despite Defendant's failure to fully perform its contractual obligations. Unless restrained by way of injunctive relief, Defendants' conduct is reasonably likely to lead to irreparable harm.  Plaintiffs and Class members are entitled to and hereby pray for injunctive relief to enjoin Defendants' continued conduct.

64.   Defendants continue to represent falsely on its web site that it offers campus facilities with significant benefit and value to students and continues to represent falsely the value of its in-person on-campus classes.  Unless restrained by way of injunctive relief, Defendants' conduct is reasonably likely to lead to irreparable harm.  Plaintiffs and Class members are entitled to and hereby pray for injunctive relief to enjoin Defendants'

**CLASS ACTION COMPLAINT**

continued conduct.

65.   Defendants dispute their obligation to refund tuition and fees to Plaintiffs and Class members.  Given this dispute and the contractual relationship between the parties, Plaintiffs and Class members are entitled to and hereby pray for declaratory relief to have the Court declare the parties' respective obligations.

## VII.   SECOND CAUSE OF ACTION

### Unjust Enrichment

### (Brought by Plaintiffs on Behalf of Themselves and the Class Against All Defendants)

66.   Plaintiffs re-allege and incorporate by reference all previous allegations as though set forth in full herein.

67.   Plaintiffs and Class members conveyed money to Defendant in the forms of tuition and fees for on-campus instruction and facilities that Defendants did not provide and is not providing.  Defendants have continued to retain these monies, despite not providing the full benefit of on-campus classroom instruction and campus services and facilities.

68.   Through this conduct, Defendants have been unjustly enriched at the expense of Plaintiffs and Class members.

69.   Between the parties (Defendants and the Class members), it would be inequitable to permit Defendants to retain all of the benefits Plaintiffs and Class members conferred on Defendants the form of tuition and fees paid.

70.   Plaintiffs and Class members are entitled to and hereby pray for an order of partial restitution as redress for Defendants' unjust enrichment.  Plaintiffs pray for the establishment of a Court-ordered and -supervised common fund from which the claims of affected Class members may be paid and the attorneys' fees and costs of suit expended by class counsel, as approved by the Court, may be awarded and reimbursed.

71.   Defendants continue to falsely represent on their web site that they offer campus facilities with significant benefit and value to students and continue to falsely represent

the value of their in-person on-campus classroom instruction.  This is false in that such on-campus instruction is not being offered.  Defendants also continue to defy and deny requests for partial tuition or fee reimbursement, claiming that it is offering the same services for which Plaintiffs and Class members bargained.  Thus, Defendants are continuing to demand full tuition and fees despite announcing that they will not be providing any on-campus instruction for the summer sessions and is uncertain of whether it will do so for the Fall 2020 term.  Unless restrained by way of injunctive relief, Defendants' conduct is reasonably likely to lead to irreparable harm.  Plaintiffs and Class members are entitled to and hereby pray for injunctive relief to enjoin Defendants' continued conduct.

## VIII.  THIRD CAUSE OF ACTION

### Conversion

### (Brought by Plaintiffs on Behalf of Themselves and the Class Against All Defendants)

72.   Plaintiffs re-allege and incorporate by reference all previous allegations as though set forth in full herein.

73.   Defendants received money from Plaintiffs and Class members in the form of tuition and fee payments.

74.   The money Plaintiffs and Class members paid to Defendants was supposed to be used for the benefit of Plaintiffs and Class members for Defendants' provision of on-campus university classroom instruction and to make available to Plaintiffs and Class members campus services and facilities.

75.   Defendants wrongfully exercised control over and/or intentionally interfered with the rights of Plaintiffs and Class members by effectively closing their campuses to in-person classroom instruction and switching to a virtual online-only format, discontinuing paid-for services, and evicting students from campus housing.

76.   Defendants received and wrongfully kept the money Plaintiffs and Class members paid for tuition and fee payments, because Defendants have not provided campus

**CLASS ACTION COMPLAINT**

facilities or on-campus instruction for the Spring term.  More specifically, Defendants failed to provide to Plaintiffs and Class members the benefits—such as in-person class-room instruction and related academic activities, access to campus services, facilities, and in-person extracurricular, athletic, and other student activities—that Plaintiffs and Class members paid the tuition and mandatory campus and student services fees to secure.

77.   Plaintiffs and/or Class members have requested that Defendants issue refunds.

78.   Defendants refused to return, and has thus wrongfully retained, a portion of tuition and mandatory campus and student services fees. Defendants, therefore, are indebted to Plaintiffs and Class members for this failure to provide on-campus classroom instruction and campus facilities.

79.   Defendants' actions have damaged Plaintiffs and Class members in the amounts of the tuition and mandatory campus and student services fees that defendant improperly withheld.

80.   Plaintiffs and Class members hereby pray for the full panoply of remedies available as redress for conversion, including a constructive trust over such monies had and received for which the benefit was not provided, restitution or disgorgement, as appropriate, and declaratory and injunctive relief.

## IX.    FOURTH CAUSE OF ACTION

### Violation of California's Unfair Competition Law ("UCL"), California Business and Professions Code §§ 17200, *et seq.*

### (Brought by Plaintiffs on Behalf of Themselves and the Class Against All Defendants)

81.   Plaintiffs re-allege and incorporate by reference all previous allegations as though set forth in full herein.

82.   California's Unfair Competition Law, California Business and Professions Code sections 17200, *et seq.*, prohibits an "unlawful, unfair or fraudulent business act or practice."

83.   Defendants violated the Unfair Competition Law by committing an unlawful act

by breaching their contracts with Plaintiffs and Class members, failing to provide services paid for, including in-person classroom instruction and access to Defendants' facilities, and failing to refund tuition, fees, and costs.

84.  Defendants' conduct in representing that it offers campus facilities and on-campus instruction to Plaintiffs and Class members when, in fact, it did not do so, but continuing to charge and demand full tuition and fees as if such services and facilities were being provided, amounts to an unlawful, unfair, or deceptive business practice within the meaning of California's Unfair Competition Law ("UCL").

85.  Had Defendants disclosed that they would not be offering on-campus facilities or in-classroom instruction before it charged Plaintiffs and Class members full tuition and fees and decided to retain them, Plaintiffs and Class members either would not have en-rolled at Defendants' educational institution or would not have agreed to pay the same amounts of tuition and fees for services and facilities they would not receive.

86.  Defendants' practices are fraudulent because Defendant represented that it would offer in-person instruction and access to Defendants' campus facilities.  Plaintiffs and Class members paid for the Spring 2020 term and college experience advertised. However, Plaintiffs and Class members did not receive the services they paid for—Defendant moved all classes online, restricted student access to university facilities, and evicted students from campus housing.

87.  Plaintiffs and Class members conveyed money to Defendants in the forms of tuition and fees while Defendants were engaged in the unlawful, unfair, or deceptive business practice.

88.  Plaintiffs and Class members have been and continue to be injured by Defendants' unlawful, unfair, or deceptive business practices because they are not receiving the instruction or facilities for which they conveyed money to Defendant.

89.  Plaintiffs and Class members are entitled to and pray for an order of partial restitution as redress for Defendant's violations of the UCL.

90.  Plaintiffs and Class members pray for the establishment of a Court-ordered and -

supervised common fund from which the claims of affected Class members may be paid and the attorneys' fees and costs of suit expended by class counsel, as approved by the Court, may be awarded and reimbursed.

91.   Defendants continue to charge full tuition and fees as if full services and facilities were being provided, collecting millions of dollars from students deprived of the full benefit of their payments.

92.   Defendants continue to represent falsely on its web site that it offers campus facilities with significant benefit and value to students and continues to represent falsely the value of its in-person on-campus classes.  Defendants also continue to defy and deny all requests for partial tuition reimbursement, claiming falsely that it is offering the same services as Plaintiffs and Class members had bargained for.   Thus, Defendants are continuing to demand full tuition and fees, even though Defendants have already announced that they will not be providing any on-campus instruction for the summer sessions and is uncertain of whether it will do so for the Fall 2020 term.  Unless restrained by way of injunctive relief, Defendants' conduct is reasonably likely to lead to irreparable harm.  Plaintiffs and Class members are entitled to and hereby pray for injunctive relief to enjoin Defendants' continued conduct.

93.   As a direct and proximate result of Defendants' unlawful and unfair business acts and practices, Plaintiffs and Class members have suffered and will continue to suffer actual damages.

94.   Plaintiffs and Class members are entitled to and seek disgorgement and restitution of the benefits unjustly retained, whether in whole or in part, including through refunds for tuition, fees, and/or room and board.

## X.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, respectfully requests that this Court finds against Defendants as follows:

1.   An order certifying this action as a class action as defined herein, appointing Plaintiffs as Class representatives, their counsel as Class counsel, and directing that notice

be disseminated to the absent Class members;

2.   For judgment in favor of Plaintiffs and Class members and against Defendants on all counts and claims for relief;

3.   For compensatory, consequential, general, and punitive damages and/or restitution in an amount to be determined at trial;

4.   For statutory damages and treble damages to the extent permitted by law;

5.   Pre-judgment and post-judgment interest at the maximum legal rates; and

6.   For the establishment of a Court-ordered and -supervised common fund to be funded by Defendant and from which claims of all eligible class members will be paid, attorneys' fees awarded to class counsel will be paid, costs of suit approved by the Court and incurred by Class counsel will be reimbursed, and any award of interest will be disbursed;

7.   For interest as permitted by law;

8.   For an award of attorneys' fees;

9.   For costs of suit;

10.   For declaratory relief, to have the Court declare the obligations of the parties;

11.   For injunctive relief to enjoin Defendants' ongoing conduct; and

12.   For all such other relief as the Court deems just and proper.


Dated:  October 9, 2020            **SHEGERIAN & ASSOCIATES, INC.**


By:   _/s/ Carney Shegerian_____
      Carney R. Shegerian
      Anthony Nguyen
      Cheryl A. Kenner

      Attorneys for Plaintiffs SONJA JOPLIN,
      ROBERT CALVERT, and CHILE AGUINIGA,
      on behalf of themselves and all others similarly
      situated

## DEMAND FOR JURY TRIAL

Plaintiffs SONJA JOPLIN, ROBERT CALVERT, and CHILE AGUINIGA, on behalf of themselves and all others similarly situated, hereby demand a jury trial with respect to all issues triable of right by jury.

Dated: October 9, 2020                    **SHEGERIAN & ASSOCIATES, INC.**

By: */s/ Carney Shegerian*
Carney R. Shegerian
Anthony Nguyen
Cheryl A. Kenner

Attorneys for Plaintiffs SONJA JOPLIN, ROBERT CALVERT, and CHILE AGUINIGA, on behalf of themselves and all others similarly situated